Charles E. Dorkey III (CD-8422)
S. Jane Moffat (SM-0912)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
OLIVER DOUCE,                                                :
                                                             :   Case No.: 08-CV-0483 (DLC)(DFE)
                              Plaintiff,                     :
                                                             :
   - against-                                                :
                                                             :
AT&T MOBILITY LLC AND KATHLEEN                               :
BROOM,                                                       :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ x

**DEFENDANTS AT&T MOBILITY LLC AND KATHLEEN BROOM'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A STAY PENDING ARBITRATION**

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................1

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ..........................................................................................................................1

ARGUMENT ................................................................................................................................3

    A.    Plaintiff's Claims Must Be Arbitrated and His Complaint Dismissed .....................3

    B.    Plaintiff Has Failed to State a Claim under Fed. R. Civ. P. 12(b)(6) ........................5

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Conboy v. AT&T Corp. and AT&T Universal Card Services Corp.,*
 84 F. Supp.2d 492 (S.D.N.Y. 2000) .................................................................................5

*EEOC v. Waffle House, Inc.,*
 534 U.S. 279 (2002) ........................................................................................................3

*Farey-Jones v. Buckingham,*
 132 F. Supp.2d 92 (E.D.N.Y. 2001) ................................................................................7

*LoPresti v. Terwillinger,*
 126 F. 3d 34 (2d Cir. 1997) .............................................................................................7

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.,*
 252 F.3d 218 (2d Cir. 2001) ............................................................................................4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
 460 U.S. 1 (1983) ............................................................................................................3

*Naylor v. Case & McGrath, Inc.,*
 585 F.2d 557 (2d Cir. 1978) ............................................................................................6

*NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York and Vicinity,*
 No. 01 Civ. 4451, 2002 WL 1603145 (S.D.N.Y. July 18, 2002) ....................................4

*R.H. Damon & Co. v. Softkey Software Products, Inc.,*
 811 F. Supp. 986 (S.D.N.Y. 1993) ..................................................................................7

*Smith v. Local 819 I.B.T. Pension Plan,*
 291 F.3d 236 (2d Cir. 2002) ............................................................................................5

*Tasini v. New York Times Co.,*
 184 F. Supp.2d 350 (S.D.N.Y. 2002) ..............................................................................4

*The Pitts, Ltd v. American Express Bank International,*
 911 F. Supp. 710 (S.D.N.Y. 1996) ...............................................................................6, 7

*United States v. Corum,*
 362 F.3d 489 (8th Cir. 2004) .......................................................................................3, 4

*Washington v. United States Tennis Association, Inc.,*
 290 F. Supp.2d 323 (E.D.N.Y. 2003) .............................................................................6

**STATE CASE**

*Barr v. County of Albany,*
  69 A.D.2d 914, 415 N.Y.S.2d 471 (3d Dep't. 1979), ................................................................ 7


**STATUTES**

9 U.S.C. §§ 1–16 ............................................................................................................................ 1

9 U.S.C. § 2 .................................................................................................................................... 3

9 U.S.C. § 3 .................................................................................................................................... 5

47 U.S.C. § 153(30) ....................................................................................................................... 6

47 U.S.C. § 251(b)(2) .................................................................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 5

Fed. R. Civ. P. Rule 8 .................................................................................................................... 5

Fourteenth Amendment ......................................................................................................... 1, 5, 6

## INTRODUCTION

Defendants AT&T Mobility LLC ("ATTM"), formerly known as Cingular Wireless, and Kathleen Broom respectfully submit this memorandum of law in support of their motion to dismiss the Plaintiff's Complaint or, in the alternative, for an order staying the case pending arbitration.

## PRELIMINARY STATEMENT

The Complaint brought *pro se* by Plaintiff Oliver Douce must be dismissed for several reasons:

First, Plaintiff's claims are subject to binding arbitration. In December of 2007, Plaintiff opened a new wireless account with ATTM and pursuant to the terms and conditions of that account, he agreed to bring any disputes with ATTM or its employees in arbitration or small claims court. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, requires Plaintiff to honor his obligations.

Second, Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Although his claims are difficult to ascertain, it appears that he is asserting (1) violation of his rights under the Federal Communication Commission and Federal Trade Commission; (2) ATTM's violation of the Fourteenth Amendment to the Constitution; (3) negligence; (4) conversion; (5) breach of contract; (6) misrepresentation; and (7) violation of "porting law". His Complaint sets forth no facts, which, even if taken as true, constitute a claim under any of these theories. As such, his Complaint must be dismissed.

## BACKGROUND

ATTM provides wireless telecommunication services to its customers pursuant to standard wireless service agreements, the terms of which include an arbitration provision. (Declaration of Neal S. Berinhout ("Berinhout Decl.") ¶ 3.) Plaintiff, a New York resident, entered into a

contract with ATTM on or around December 21, 2007, for the provision of cellular telephone service. (Berinhout Decl. ¶9.) The Terms of Service that Plaintiff agreed to include the following arbitration provision:

> AT&T [Mobility] and you agree to arbitrate **all disputes and claims between us**. This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to: claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory * * * [and] claims that arose before this or any prior Agreement.
>
> * * *
>
> References to "AT&T" "you" and "us" include our respective subsidiaries, affiliates, agents, **employees**, predecessors in interest . . . .

(emphasis added) (Berinhout Decl. Ex. 2.) Notwithstanding the above agreement to arbitrate all disputes, either party may bring an individual action in small claims court.

Under the dispute resolution procedure set forth in contract, the process is as simple as mailing a letter to ATTM or submitting a one-page Notice of Dispute form that ATTM has posted on its web site (at http://www.att.com/arbitration-forms). (*Id.* ¶ 12, Ex.3.) If ATTM and the customer cannot resolve the dispute within 30 days, the customer may begin the formal arbitration process. To do so, the customer need only fill out a one-page Demand for Arbitration form and send copies to the AAA and to ATTM. Customers may either obtain a copy of the demand form from the AAA's web site (at http://www.adr.org) or use the simplified form that ATTM has posted on its web site (at http://www.att.com/arbitration-forms). (*Id.* ¶ 13, Exs. 4, 5.) To further assist its customers, ATTM has posted on its web site a layperson's guide on how to arbitrate a claim. (*Id.* ¶ 11.) (http://www.att.com/arbitration-information).

Notwithstanding his agreement to arbitrate all disputes with ATTM (or bring them in small claims court), Plaintiff filed a *pro se* Complaint on January 18, 2008. In that Complaint, he

named ATTM as well as Kathleen Broom, a paralegal at ATTM, as Defendants.[1] On March 28, 2008, ATTM and Ms. Broom returned the Statement of Service by Mail and Acknowledgement of Receipt by Mail of Summons and Complaint dated March 3, 2008.

Although it is difficult to ascertain the facts, or the claims from the face of the Complaint, Plaintiff dispute appears to center on the termination of his ATTM cellular phone service, and ATTM's alleged refusal to restore his former phone number 917-\*\*\*-\*\*\*\*.

## ARGUMENT

### A.  Plaintiff's Claims Must Be Arbitrated and His Complaint Dismissed

The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congress enacted the FAA to "reverse the longstanding judicial hostility to arbitration agreements …[,] to place [these] agreements upon the same footing as other contracts[,] … [and to] manifest a liberal federal policy favoring arbitration agreements." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (quotation marks omitted). Accordingly, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Plaintiff's agreement to arbitrate is covered by the FAA and his claims are within the scope of the arbitration provision.[2] The Second Circuit has established a three-part inquiry for

---

[1]  In light of the fact that the Complaint only asserts claims against Ms. Broom as a paralegal at ATTM and notes that she was acting under the "control" of AT&T (Compl. ¶¶8, 20), ATTM asked whether Plaintiff would be willing to drop Ms. Broom as a Defendant. Plaintiff refused. (Berinhout Decl. ¶ 15.) The arbitration agreement explicitly applies to employees of ATTM.

[2]  The FAA applies if the arbitration agreement is "written" and in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Both criteria are met here: ATTM's arbitration provision is in writing, and Plaintiff's agreement involves interstate commerce. "It is well-established that telephones, even when used intrastate,
*(footnote continued on next page)*

determining whether a particular dispute falls within the scope of an agreement's arbitration clause. First, a court must classify the clause as broad or narrow. If the clause is broad, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged 'implicates issues of contract construction or the parties' rights and obligations under it.'" *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 224 (2d Cir. 2001). An arbitration clause is broad if "the language of the clause, taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause." *Id.* at 225.

Here, the arbitration agreement is broad: it covers "**all disputes and claims**" between ATTM and Plaintiff as well as claims arising from prior agreements with ATTM . It also encompasses disputes with ATTM's employees, including Ms. Broom who is a paralegal with ATTM (Compl. ¶8). The presumption of arbitrability therefore applies. Further, there can be no argument that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute.

As such, Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See Tasini v. New York Times Co.*, 184 F. Supp.2d 350, 353 (S.D.N.Y. 2002) ("The court properly dismisses a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."); *NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York and Vicinity*, No. 01 Civ. 4451, 2002 WL 1603145 (S.D.N.Y. July 18, 2002) (dismissing case under Rule 12(b)(1) where arbitration clause required parties to arbitrate). In the alternative, this case should be stayed, and the Court should compel Plaintiff to arbitrate the claims set forth in his

---

are instrumentalities of interstate commerce." *United States v. Corum*, 362 F.3d 489, 493 (8th Cir. 2004). In addition, the arbitration provision specifies that it is covered by the FAA. (Berinhout Decl. Ex. 2.)

Complaint. *See* 9 U.S.C. § 3 (providing that courts must stay any suit or proceeding until arbitration has been completed).

### B.  Plaintiff Has Failed to State a Claim under Fed. R. Civ. P. 12(b)(6)

If the Court does not dismiss or stay the case pending arbitration, it should nonetheless dismiss the Complaint for failure to state a claim. Dismissal for failure to state a claim is proper where, as here, "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (internal quotation marks omitted).[3]

Plaintiff appears to assert the following causes of action: (1) violation of his rights under the Federal Communication Commission and Federal Trade Commission; (2) ATTM's violation of the Fourteenth Amendment to the Constitution; (3) negligence; (4) conversion; (5) breach of contract; (6) misrepresentation; and (7) violation of "porting law".

First, with respect to Plaintiff's federal statutory and constitutional claims, Plaintiff has failed to specify what Federal Communication Commission regulations have allegedly been violated by ATTM. But, in any event, as this Court has previously held, there is no private right of action for alleged violations of Federal Communications Commission regulations. *See Conboy v. AT&T Corp. and AT&T Universal Card Servs. Corp.*, 84 F. Supp.2d 492, 5000 (S.D.N.Y.

---

[3]  Although Plaintiff's Complaint names various causes of action, as it apparent from a reading of the Complaint, his claims are not clear. As an example, one assertion in the Second Claim states "Understanding & violate the Porting law holding on to plaintiff number show dominion to wit conversion & Control Over the plaintiff property concurrent negligent from the 4/11/07 continue that could Have be seen before." In the event the Court determines that the Complaint should not be dismissed under F.R.C.P. 12(b)(6), the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. Rule 8 (requiring that a complaint state a short and plain statement of the claim showing that claimant is entitled to relief; and a demand of the relief sought). Although *pro se* litigants are afforded leeway in their pleadings, nonetheless, as demonstrated in the above sentence, here the Plaintiff's claims are, literally, incomprehensible and should be dismissed under Rule 8.

2000). Similarly, although it is unclear what provision of the Federal Trade Commission Act is alleged to have been violated by ATTM, the claim must be dismissed in any case because there is no private right of action for damages under the Federal Trade Commission Act. *See Washington v. United States Tennis Association, Inc.*, 290 F. Supp.2d 323, 329 (E.D.N.Y. 2003) ("The same is true with respect to the Federal Trade Commission Act, which does not create a private right of action for damages"), *citing Naylor v. Case & McGrath, Inc.,* 585 F. 2d 557, 561 (2d Cir. 1978). Regarding violation of the "porting law", ATTM is unsure what "porting law" Plaintiff refers to. If Plaintiff's claim is that ATTM has somehow violated number portability regulations, *see* 47 U.S.C. § 251(b)(2), number portability is defined as the ability of customers to retain their numbers when switching from one telecommunications carrier to another. 47 U.S.C. § 153(30). Plaintiff makes no allegation that he attempted to switch carriers, and thus number portability regulations are inapplicable.

Plaintiff's claim with respect to the Fourteenth Amendment to the Constitution (ATTM assumes Plaintiff refers to Section 1) must be dismissed because that Amendment applies to State action ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; not shall any State deprive any person of life, liberty, or property, without due process of law"). ATTM is a cell phone company (Compl. ¶5), and Ms. Broom is a paralegal at ATTM *(Id.)*. Neither Defendant is a State actor.

As to the remaining claims, again Plaintiff fails to state a cause of action under any of the facts alleged in the Complaint. First, under New York law, the elements of negligent misrepresentation are: (1) carelessness in imparting words; (2) upon which others were expected to rely; (3) upon which they did act or failed to act; (4) to their damage; and (5) the author must express the words directly, with some relation [of] duty or care. *The Pitts, Ltd v. American*

*Express Bank Int'l*, 911 F. Supp. 710, 717 (S.D.N.Y. 1996). Plaintiff does not appear to make any allegations regarding how he acted or failed to act in connection with anything ATTM or Ms. Broom told him, and nor does he make any allegations as to what damages he suffered as a result of the misrepresentations.

To state a cause of action for negligence, Plaintiff must plead (1) a duty owing from defendant to plaintiff; (2) a breach of that duty by defendant; and (3) damages suffered by plaintiff as a proximate result of defendant's breach. *See, e.g. Barr v. County of Albany*, 69 A.D.2d 914, 915, 415 N.Y.S.2d 471, 473 (3d Dep't. 1979), *modified on other grounds*, 50 N.Y.2d 247, 406 N.E.2d 481, 428 N.Y.S.2d 665 (Ct App 1980). Here, Plaintiff identifies no duty that was owed to him by ATTM or by Ms. Broom, except a legal duty of breach of carelessness which is not legally cognizable. (Compl. ¶6.) Nor does he identify how that duty was breached.

Plaintiff fails to state a claim for conversion (ATTM presumes that he means conversion of his telephone number) because under New York law conversion occurs "when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwillinger*, 126 F. 3d 34, 41 (2d Cir. 1997). There is, however, "no cause of action for conversion of intangible property under New York law." *Farey-Jones v. Buckingham*, 132 F. Supp.2d 92, 106 (E.D.N.Y. 2001). A telephone number is intangible property, and thus his conversion claim must be dismissed.

Finally, the essential elements of a breach of contract claim in New York are (1) the existence of a contract; (2) due performance by plaintiff; (3) breach of the contract by defendant; and (4) damage as a result of the breach. *See R.H. Damon & Co. v. Softkey Software Products, Inc.*, 811 F. Supp. 986, 991 (S.D.N.Y. 1993). Plaintiff does not allege what contract that he had

- 8 -

with ATTM or Broom that was breached in April or May, 2007 (the time frame that appears in the Complaint). Nor does he allege what damages resulted from any such breach.

WHEREFORE, AT&T Mobility LLC respectfully requests that its motion be granted and that Plaintiff's Complaint be dismissed in its entirety or, in the alternative, stayed pending arbitration of his claims.

Dated: April 17, 2008
New York, New York

Respectfully submitted,

McKENNA LONG & ALDRIDGE LLP

By: _____
Charles E. Dorkey III (CD-8422)
S. Jane Moffat (SM-0912)
230 Park Avenue
Suite 1700
New York, New York  10169
(212) 905-8330

NY:12051493