Charles E. Dorkey III (CD-8422)
S. Jane Moffat (SM-0912)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
OLIVER DOUCE,

                Plaintiff,                    Case No.: 08-CV-0483 (DLC)(DFE)

    - against -

AT&T MOBILITY LLC AND KATHLEEN
BROOM,

                Defendants.
------------------------------------------------------------x

**DEFENDANTS AT&T MOBILITY LLC AND KATHLEEN BROOM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A STAY PENDING ARBITRATION**

## TABLE OF CONTENTS

      **Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT...................................................................................................................................1

    A.    Plaintiff's Claims Must Be Arbitrated............................................................1

    B.    Plaintiff's Claims Should Be Dismissed for Failure to State a Claim....................3

CONCLUSION ...............................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Buckeye Check Cashing, Inc. v. Cardegna,*
  546 U.S. 440 (2006) ................................................................................................2, 3

*Conboy v. AT&T Corp. and AT&T Universal Card Services Corp.,*
  84 F. Supp.2d 492 (S.D.N.Y. 2000) ..............................................................................4

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.,*
  388 U.S. 395 (1967) .......................................................................................................2

*Smith v. Local 819 I.B.T. Pension Plan,*
  291 F.3d 236 (2d Cir. 2002) ..........................................................................................3

*Tasini v. New York Times Co.,*
  184 F. Supp.2d 350 (S.D.N.Y. 2002) ............................................................................3

*Washington v. United States Tennis Association, Inc.,*
  290 F. Supp.2d 323 (E.D.N.Y. 2003) ...........................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................3

Fourteenth Amendment .......................................................................................................4

## INTRODUCTION

Defendants AT&T Mobility LLC ("ATTM"), formerly known as Cingular Wireless, and Kathleen Broom[1] respectfully submit this reply memorandum of law in support of their motion to dismiss Plaintiff's Complaint or, in the alternative, for an order staying the case pending arbitration.[2]

## ARGUMENT

### A.    Plaintiff's Claims Must Be Arbitrated

Plaintiff does not dispute that in December of 2007, he opened a new wireless account with ATTM (the "2007 Douce Agreement," attached as Ex. 1 to the Declaration of Neal Berinhout) and pursuant to the terms and conditions of that account, he agreed to bring any disputes with ATTM or its employees in arbitration or small claims court.

Though difficult to ascertain with any certainty, Plaintiff apparently claims that he should not be bound by the arbitration provision in his contract because (1) it post-dates his dispute relating to termination of his wireless service under phone number 917-742-7491 (and post-dates the 2005 settlement agreement attached to his Complaint); and (2) because he was "forced" into his new contract. These arguments fail.

First, on its face, the arbitration clause broadly applies to any and all disputes with ATTM, including those that arose prior to the 2007 Agreement and those that relate to any

---

[1] In his most recent filings, Plaintiff has named "ORIGIN ID TMAA 1404-236-5547" as a Defendant. This is a phone number, and not a legally cognizable entity or person that has been served with Plaintiff's lawsuit. Both ATTM and Kathleen Broom have accepted service, and this brief is filed only on their behalf.

[2] Plaintiff filed various pleadings with the Court in response to ATTM's motion to dismiss. They are as follows: "Reply Motion in Opposition to Denied Defendant," "Plaintiff Pro Se Memorandum of Law in Support of Oppose Motion to Denied – Certification and Declaration in Support of Motion," and "Plaintiff Pro Se Memorandum of Law in Support of Oppose Motion to Denied Certification and Declaration in Support of Motion." For ease of reference, and because these filings contain repetitive statements and arguments, Plaintiff's filings will be referred to herein as "Pl's Opp. Briefs". Although Plaintiff makes reference to a "Declaration", ATTM has not located any separate Declaration or affidavit filed by Plaintiff.

contract between ATTM (and its predecessors in interest) and Plaintiff. The fact that Plaintiff's dispute predates the 2007 Douce Agreement does not render that Agreement's arbitration clause inapplicable or unenforceable. Indeed, the allegations in the Complaint and Pl's Opp. Briefs indicate that Plaintiff was fully aware of his dispute prior to entering the 2007 Douce Agreement to arbitrate all disputes with ATTM. Thus, Plaintiff would have, had he read his contract, known that the ongoing dispute would be subject to arbitration. In addition, the fact that Plaintiff entered into a settlement agreement with AT&T Wireless in 2005 also does not render the arbitration provision in 2007 unenforceable, as the provision applies to any dispute including those related to prior contracts with ATTM or its predecessors.[3]

Second, to the extent Plaintiff alleges that he was "forced" into the 2007 Douce Agreement, this allegation does not render the arbitration agreement a nullity. Rather, the Supreme Court repeatedly has "reaffirm[ed]" that, under the FAA, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, ***must go to the arbitrator***." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) (emphasis added); see also *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Plaintiff's argument that he was forced into the 2007 Douce Agreement is both untrue and -- more importantly at this stage -- unquestionably directed at his contract *as a whole*; he does not contend that the arbitration provision *in particular* was fraudulently induced. Simply put, "[t]he [FAA] does not permit the federal court to consider claims in the inducement of the contract generally." *Prima Paint*, 388 U.S. at 404. "[U]nless the challenge is to the arbitration clause itself, the issue of the

---

[3] It is unclear whether Plaintiff is claiming that ATTM has violated the 2005 settlement agreement perhaps by failing to restore service to his phone number within seven days of execution of the settlement agreement in 2005. ATTM doubts that this could be the case because it is clear that Plaintiff had the phone number at issue in 2007, and that his present dispute relates to the cessation of service to that number in 2007 -- and not to the fact that ATTM did not restore service in 2005. Thus, ATTM is unsure what relevance, if any, the 2005 settlement agreement bears on this dispute.

contract's validity is considered by the arbitrator in the first instance." *Buckeye*, 546 U.S. at 445-46.

Finally, Plaintiff's arguments (and numerous case citations) regarding frustrating another party's ability to comply with a condition of the contract make no sense and bear no relevance to whether the dispute should be arbitrated. The presumption of arbitrability unquestionably applies to this dispute. As such, Plaintiff's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See Tasini v. New York Times Co.*, 184 F. Supp.2d 350, 353 (S.D.N.Y. 2002). Plaintiff should not be permitted to amend his Complaint, as any such amendment would be futile in light of the applicability of the 2007 Douce Agreement's arbitration clause.

**B.     Plaintiff's Claims Should Be Dismissed for Failure to State a Claim**

Plaintiff's Complaint should also be dismissed because, as his court filings continue to support, Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (internal quotation marks omitted).

In Defendants' Memorandum of Law in Support of Their Motion to Dismiss, or in the Alternative, for a Stay Pending Arbitration (incorporated herein by reference), ATTM set forth grounds on which each and every cause of action asserted by Plaintiff failed to state a claim. Plaintiff has not addressed ATTM's arguments. He still fails to specify what Federal Communication Commission regulations, Federal Trade Commission Act provisions, or provisions of the "porting law" have allegedly been violated by ATTM and fails to provide any legal authority that any causes of action under these laws exist for his claim. Undoubtedly, this

3

is because none of these provisions apply or have been violated. *See, e.g., Conboy v. AT&T Corp. and AT&T Universal Card Services Corp.*, 84 F. Supp.2d 492, 500 (S.D.N.Y. 2000); *Washington v. United States Tennis Association, Inc.*, 290 F. Supp.2d 323, 329 (E.D.N.Y. 2003). Plaintiff alleges no state action required for a claim under the Fourteenth Amendment, and states no grounds for a conversion claim.

With respect to the claims sounding in negligence, Plaintiff makes no allegation of a legally cognizable relation of duty or care (carelessness, and "duty of care to provide cellular service" are not legally cognizable). He also still does not allege what contract that he had with ATTM or Broom that was breached in April or May, 2007 (the time frame that appears in the Complaint).

## **CONCLUSION**

For all of the reasons stated above, ATTM respectfully requests that Plaintiff's Complaint be dismissed in its entirety or, in the alternative, stayed pending arbitration of his claims.

Dated: June 20, 2008
New York, New York

> Respectfully submitted,
>
> McKENNA LONG & ALDRIDGE LLP
>
> By:_____
> Charles E. Dorkey III (CD-8422)
> S. Jane Moffat (SM-0912)
> 230 Park Avenue
> Suite 1700
> New York, New York 10169
> (212) 905-8330 (telephone)
> (212) 922-1819 (facsimile)

4