```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
OLIVER DOUCE,                           :
                    Plaintiff,          :
                                        :       08 Civ. 483 (DLC)
            -v-                         :
                                        :       OPINION & ORDER
ORIGIN ID TMAA 1404-236-5547, KATHLEEN  :
BROOM, THE NEW AT&T CINGULAR WIRLESS,   :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

Pro Se Plaintiff:
Oliver Douce
1208 Clay Avenue, # 1S
Bronx, NY 10456

For Defendants:
Charles E. Dorkey, III
S. Jane Moffatt
McKenna Long & Aldridge
230 Park Avenue
New York, NY 10169

DENISE COTE, District Judge:

On August 31, 2007, pro se plaintiff Oliver Douce ("Douce") filed this action against his cellular telephone service provider, AT&T Mobility LLC ("ATTM"), formerly known as Cingular Wireless, and one of its employees, Kathleen Broom ("Broom").[1] Defendants have moved to dismiss the complaint for lack of

---

[1] Douce's complaint names as defendants "Origin ID TMAA 1404-236-5547, Kathleen Broom, and The New AT&T Cingular Wirless [sic]." Origin ID TMAA 1404-236-5547 is a cellular telephone number. The defendants considered in this Opinion, therefore, are ATTM and Broom.

subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  In the alternative, they request a stay pending arbitration.  Defendants' motion to dismiss is denied and Douce is granted leave to amend his complaint to support his assertion of diversity jurisdiction.

BACKGROUND

The following facts are taken from Douce's complaint and documents on which the complaint relies.[2]  In 1996, Douce, a resident and citizen of New York, signed a contract with ATTM,[3] a Georgia-based company, for provision of services on cellular telephone number (917) \*\*\*-7491 (the "7491 Account").  Douce used this phone number regularly for business purposes.  He believed that the 7491 Account was his only account with ATTM.

---

[2]   Douce initiated this action by filing a complaint with this Court's Pro Se Office along with several supporting documents, including a credit refund from ATTM; a Notice of Judgment against ATTM and in Douce's favor from Bronx County Small Claims Court; an unexecuted copy of a Settlement Agreement with ATTM from a 2005 dispute; and a letter from ATTM, with enclosures, requesting Douce to execute the enclosed Settlement Agreement and Exhibits.  Under the Federal Rules of Civil Procedure, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) (citation omitted); see Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").  The instant complaint thus includes Douce's complaint and all attached documents.

[3]   At the time Plaintiff signed his initial cellular phone contract, ATTM was known as AT&T Wireless Services, Inc.

On April 11, 2007, Douce received a telephone call from an ATTM employee informing him that he was in arrears on a cellular telephone account bearing his name, but of whose existence he was unaware.  The ATTM employee informed Douce that this second account had been initiated in March 2007 (the "March 2007 Account").

According to Douce, following the April 11 telephone call, ATTM immediately canceled and terminated service for the 7491 Account due to Douce's failure to pay the March 2007 Account bill on time.  ATTM informed Douce that the 7491 Account and telephone number would not be restored until the outstanding bill was paid.  Upon inquiry to ATTM, he was told that his account was disconnected for too long for his telephone number to be restored, and the telephone number had been given to another ATTM subscriber.

On May 28, 2007 Douce spoke with Broom, a paralegal working for ATTM, to try to resolve the problem.  Broom told Douce that he was not responsible for payment on the March 2007 account.  Nonetheless, Broom told Douce, if he paid $130 to ATTM, she would restore service on the 7491 Account.  Douce does not indicate whether or not he paid the requested amount, but service on the 7491 Account was never restored.  Broom informed Douce that, because his phone had been disconnected for sixty days, service could not be restored.  Douce alleges that as a

result of defendants' conduct, his business suffered and he was forced to file for bankruptcy.

Douce filed the complaint in this action with this Court's Pro Se Office on August 31, 2007.[4]  The complaint does not clearly state the relief sought or the basis for Douce's claims against ATTM.  Defendants, construing the complaint liberally, identified the following potential claims: (1) violation of regulations promulgated by the Federal Communications Commission ("FCC"); (2) violation of the Federal Trade Commission Act ("FTCA"); (3) violation of the Fourteenth Amendment, Clause 5; (4) violation of the federal number portability regulation, 47 C.F.R. §52.31; (5) breach of contract; (6) misrepresentation; (7) conversion of property; and (8) concurrent negligence.

On April 17, 2008, defendants ATTM and Broom moved to dismiss the Complaint, or in the alternative, for a stay pending arbitration, pursuant to an arbitration clause in Douce's contract with ATTM.  In his opposition to defendants' motion, Douce alleged "[i]n exclusive $75,000 punitive damages[,] disbursement and cost[s]."[5]  Douce further requested leave to

---

[4]   The documents filed along with Douce's complaint reveal that he brought two previous state court actions against ATTM. It is unclear whether these actions arose from the same set of facts presented here.

[5]   On May 29, 2008 Douce filed a second opposition to defendants' motion to dismiss.  It appears that the only substantive difference between his two submissions is that the

amend his complaint.  Defendants submitted their reply, and Douce subsequently filed a submission styled "Respond Certification."

DISCUSSION

"[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005).  On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  Id. (citation omitted).  A court must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), but refrain from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted).  Nonetheless, where, as here, a plaintiff is proceeding pro se, the court must "construe [the] pleadings broadly, and interpret them to raise the strongest arguments

---

second opposition includes three attached exhibits, one of which is the bankruptcy petition for Douce's restaurant business. This petition estimates Douce's losses at approximately $50,000.

they suggest." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)(citation omitted).

Douce has failed to identify with any specificity a federal cause of action conferring subject matter jurisdiction on this Court.[6] In their motion to dismiss, defendants have identified FCC regulations, the FTCA, the Fourteenth Amendment, and the federal telephone number portability regulations as potential federal causes of action. The Court could not identify any other potential causes of action in Douce's complaint, so each one identified by the defendants will be considered in turn. In addition, Douce's complaint suggests that diversity jurisdiction may lie.

Douce has not specified which FCC regulations have been violated by the defendants. Defendants' motion to dismiss put Douce on notice of this defect in his pleadings, but Douce's

---

[6] Douce's most comprehensive rendering of the basis for his complaint is as follows:
> This is a civil action in which the plaintiff seek redress for the defendant AT&T Violation of its right under Federal Communication Commission FCC[,] Federal Trade Commission and pursuant to 28 USC 1331 and fourteen Amendment Clause 5th to the Constitution of the United States of America for unfair treatment, & Misrepresentation Malicious Intent, to force and deprive the plaintiff from is phone number and service that Was use for business, and illegal interruption of is service to force plaintiff into a new Contract and higher fees.

opposition to defendants' motion failed to cure it.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of this requirement is to give fair notice of a claim and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Douce's complaint and pleadings in opposition to defendants' motion to dismiss have failed to do this, and defendants cannot be expected to search the voluminous federal regulations governing telecommunications to discern the basis for Douce's claims.  Douce has failed to plead adequately a cause of action under any FCC regulation.[7]

---

[7] It should also be noted that defendants raise a question as to the availability of a private right of action under FCC regulations generally.  As the Second Circuit has observed, "the FCC is primarily responsible for the interpretation and implementation of the Telecommunications Act and FCC Regulations." Conboy v. AT&T Corp., 241 F.3d 242, 253 (2d Cir. 2001).  Accordingly, where there is not explicit language providing for a private right of action, or a comparable indication of congressional intent, "no private right of action for money damages can be implied."  Id. at 252.  Because Douce has not identified any FCC regulation that defendants violated, it is impossible to discern conclusively whether a private right of action is available to him.
With regard to Douce's claim that defendants violated federal "porting law," he has also failed to specify the basis for this claim.  In their motion to dismiss this claim, defendants have identified FCC regulations which require telecommunications carriers to "provide a long-term database method for number portability."  47 C.F.R. §52.31.  Number portability is defined as the ability of telecommunications

Douce's claim under the FTCA similarly fails. Douce has not specified which provision of the FTCA was violated, but, regardless, the FTCA does not create a private right of action for damages. Naylor v. Case & McGrath, Inc., 585 F.2d 557, 561 (2d Cir. 1978). Douce's Fourteenth Amendment claim also fails because the Fourteenth Amendment applies only to state actors. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Douce has not alleged that either defendant is a state actor, and therefore the Fourteenth Amendment does not apply. Douce has thus not raised any federal claim conferring subject matter jurisdiction on this Court.

In the alternative, construed liberally, Douce's complaint raises a question of diversity jurisdiction. In order to establish federal subject matter jurisdiction under 28 U.S.C. §1332(a), Douce must show diversity of the parties and a claim over the threshold amount of $75,000, exclusive of costs or interest. Defendants do not dispute diversity of citizenship. As to the $75,000 amount-in-controversy requirement, Douce bears

---

customers to retain their phone numbers when switching telecommunications carriers. 47 C.F.R. §52.21. Douce implicitly suggests that these regulations were violated when ATTM refused to transfer his phone number to his new cellular service provider, T-Mobile. The Court takes no position on the availability of a private right of action for damages arising from violations of these provisions because Douce has failed both to specify the damages sought and to identify how those damages relate to defendants' alleged violation of the portability requirement.

the burden of showing a "reasonable probability" that the threshold requirement is satisfied. <u>Colavito v. N.Y. Organ Donor Network, Inc.</u>, 438 F.3d 214, 221 (2d Cir. 2006) (citation omitted). "This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." <u>Scherer v. Equitable Life Assur. Soc'y of the U.S.</u>, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). The amount the plaintiff claims "controls if the claim is apparently made in <u>good faith</u>. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." <u>Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co. of Chicago</u>, 93 F.3d 1064, 1070 (2d Cir. 1996) (citation omitted).

Douce has not shown a "reasonable probability" that the amount in controversy in this action exceeds $75,000. The complaint does not specify that he is seeking compensatory damages.[8] Douce merely alleges, without any factual support,

---

[8] In connection with his opposition to defendants' motion to dismiss, Douce submitted a copy of a bankruptcy petition for his business, the Tropical Brazilian and Caribbean Grill, which was filed in the United States Bankruptcy Court for the District of New Jersey on April 22, 2008, well after Douce filed the complaint in this action. The bankruptcy petition indicates that the business's estimated assets were between $0 and $50,000, and that its liabilities were between $0 and $50,000. It is impossible to divine from the bankruptcy petition how much Douce lost in connection with his business's failure, and what

that ATTM's cancellation of his cellular telephone service damaged his business and that, as a consequence, he is seeking "$75,000 punitive damages[,] Disbursement and cost." As a rule, "if punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991). Given their more speculative nature, "the trial court is plainly not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction. Indeed, in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny . . . than a claim for actual damages." Zahn v. Int'l Paper Co., 469 F.2d 1033, 1033 n.1 (2d Cir. 1972) (citation omitted).

Under New York law,[9] a plaintiff can recover punitive damages even if there are only nominal compensatory damages as long as there is "wanton and willful conduct." Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006). In order for punitive damages to be recoverable with only nominal

---

percentage of that loss -- if any -- is attributable to defendants' termination of his cellular telephone service.

[9]   It appears from the pleadings that New York law would apply to this case. Douce lives in New York, the cellular telephone account at issue bears a New York number, and the contract originating the 7491 Account was signed in New York.

compensatory damages, "there must be actual malice shown on the part of the defendant."  Id. (citation omitted).  Assuming that nominal compensatory damages could be awarded for the state-law claims Douce has brought, he has failed to allege that defendants' behavior evidenced "wanton and willful conduct" warranting punitive damages.  Indeed, the complaint is entirely bereft of allegations that this concerns anything other than a simple contractual dispute.  There is thus no probability that the facts alleged in Douce's complaint could provide the basis for a punitive damages award of $75,000 or more, and consequently no probability that those facts could provide the basis for this Court exercising diversity jurisdiction over this action.

Finally, in his April 4, 2008 reply, Douce requests leave to amend his complaint under Federal Rule of Civil Proceudre 15, which states that leave to amend will be "freely given when justice so requires."  This is especially true in the case of pro se plaintiffs.  See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003).  "Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) (citation omitted).  Likewise, "before determining that the amount in controversy requirement has not been met, the court

11

must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess [of the jurisdictional amount] is reasonably possible." Chase Manhattan Bank, 93 F.3d at 1070 (citation omitted). Accordingly, Douce is granted leave to amend his complaint, solely for the purpose of alleging facts supporting his assertion of diversity jurisdiction.[10]

At this time, the Court cannot address defendants' motion for a stay pending arbitration because it is not yet clear whether the Court has subject matter jurisdiction over this action. Once the question of whether this Court has diversity jurisdiction over Douce's state-law claims is resolved, defendants' motion for a stay pending arbitration will be addressed, if necessary.

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss for lack of subject matter jurisdiction is denied. A scheduling order governing Douce's amended complaint accompanies

---

[10] Leave to amend is not granted with respect to Douce's supposed federal claims because such amendment would be futile. Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000). As discussed above, his potentially viable claims are all based in state law, and this Court can only entertain those claims if diversity jurisdiction lies.

12

this Opinion.

    SO ORDERED:

Dated:   New York, New York
           July 14, 2008

                                      *Denise Cote*
                                DENISE COTE
                  United States District Judge

Copies sent to:

Oliver Douce
1208 Clay Avenue, # 1S
Bronx, NY 10456

Charles E. Dorkey, III
McKenna Long & Aldridge
230 Park Avenue
New York, NY 10169