Charles E. Dorkey III (CD-8422)
S. Jane Moffat (SM-0912)
McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
Suite 1700
New York, NY 10169
(212) 905-8330
(212) 922-1819 (facsimile)

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
OLIVER DOUCE,                                              :
                                                           :
                Plaintiff,            :     Case No.:  08-CV-0483 (DLC)(DFE)
                                                           :
  - against -                                              :
                                                           :
AT&T MOBILITY LLC AND KATHLEEN                             :
BROOM,                                                     :
                                                           :
                Defendants.           :
------------------------------------------------------------x

**DEFENDANTS AT&T MOBILITY LLC AND KATHLEEN BROOM'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR A STAY PENDING ARBITRATION**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................... 1

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 4

    A.    Plaintiff Has Failed to Meet His Burden of Showing a "Reasonable Probability" that the Threshold Amount is Satisfied ................................................................................ 4

    B.    Plaintiff's Claims Must Be Arbitrated and His Amended Complaint Dismissed ................ 5

    C.    Plaintiff Has Failed to State a Claim under Fed. R. Civ. P. 12(b)(6) .................................. 8

           1.    Fraudulent Misrepresentation and Negligence ........................................................ 8

           2.    Conspiracy ............................................................................................................... 9

           3.    Conversion ............................................................................................................. 10

           4.    Breach of Contract ................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Asian Vegetable Research & Dev. Ctr. v. Inst. of Int'l Educ.*,
  944 F. Supp. 1169 (S.D.N.Y. 1996) ...................................................................................9

*Barr v. County of Albany*,
  69 A.D.2d 914 (3d Dep't. 1979) .......................................................................................8

*Buckeye Check Cashing, Inc. v. Cardegna*,
  546 U.S. 440 (2006).........................................................................................................7

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*,
  70 N.Y.2d 382 (1987) ......................................................................................................9

*Colavito v. N.Y. Organ Donor Network, Inc.*,
  438 F.3d 214 (2d Cir. 2006) ............................................................................................1

*EEOC v. Waffle House, Inc.*,
  534 U.S. 279 (2002).........................................................................................................6

*Farey-Jones v. Buckingham*,
  132 F. Supp.2d 92 (E.D.N.Y. 2001) ...............................................................................10

*Fisk v. Letterman et al.*,
  424 F.Supp.2d 670 (S.D.N.Y. 2006) ................................................................................9

*Kashi v. Gratsos*,
  790 F.2d 1050 (2d Cir. 1986) ..........................................................................................9

*Levy v. Bessemer Trust Co., N.A.*,
  1997 WL 431079 (S.D.N.Y. July 30, 1997)...................................................................10

*LoPresti v. Terwillinger*,
  126 F. 3d 34 (2d Cir. 1997) ...........................................................................................10

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*,
  252 F.3d 218 (2d Cir. 2001) ............................................................................................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983).............................................................................................................6

*NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York and Vicinity*,
  2002 WL 1603145 (S.D.N.Y. July 18, 2002) ..................................................................7

*Preston v. Ferrer*,
  128 U.S. 978 (2008) .......................................................................................................... 7

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
  388 U.S. 395 (1967) .......................................................................................................... 7

*Quinn v. Teti*,
  234 F.3d 1262 (2d Cir. 2000) ........................................................................................... 9

*R.H. Damon & Co. v. Softkey Software Products, Inc.*,
  811 F. Supp. 986 (S.D.N.Y. 1993) ................................................................................. 10

*Smith v. Local 819 I.B.T. Pension Plan*,
  291 F.3d 236 (2d Cir. 2002) ............................................................................................ 8

*Tasini v. New York Times Co.*,
  184 F. Supp.2d 350 (S.D.N.Y. 2002) ............................................................................... 7

*Thompson v. Marine Midland Bank*,
  198 F.3d 235 (2d Cir. 1999) ............................................................................................ 8

*United States v. Corum*,
  362 F.3d 489 (8th Cir. 2004) ........................................................................................... 6

**STATUTES**

9 U.S.C. §§ 1–16 .......................................................................................................................... 1

9 U.S.C. § 2 .................................................................................................................................. 6

9 U.S.C. § 3 .................................................................................................................................. 8

28 U.S.C. 1332(a) ..................................................................................................................... 3, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 5, 7

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 2, 3, 8

**INTRODUCTION**

Defendants AT&T Mobility LLC ("ATTM"), formerly known as Cingular Wireless, and Kathleen Broom ("Broom") respectfully submit this memorandum of law in support of their motion to dismiss the Plaintiff's Amended Complaint or, in the alternative, for an order staying the case pending arbitration.

**PRELIMINARY STATEMENT**

By Opinion and Order dated July 14, 2008, this Court granted Plaintiff, Oliver Douce, leave to amend his Complaint solely for the purpose of alleging facts supporting his assertion of diversity jurisdiction. Plaintiff filed an Amended Complaint on August 15, 2008, dropping all of the federal statutory and constitutional claims asserted in his original Complaint and vaguely alleging "[a]mount of damage for relief sought $120,000.00 plus punitive damages" presumably to satisfy the minimum threshold amount for diversity jurisdiction (Amended Complaint at ¶8). This Court should dismiss the Amended Complaint for several reasons:

*First*, Plaintiff still has failed to meet his burden of showing a "reasonable probability" that the threshold requirement is satisfied. *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

*Second*, even if Plaintiff meets the threshold jurisdictional amount, the Court should nonetheless dismiss his claims for lack of subject matter jurisdiction because Plaintiff's claims are subject to binding arbitration. In December 2007, Plaintiff opened a new wireless account with ATTM and, pursuant to the terms and conditions of that account, agreed to bring any disputes with ATTM or its employees in arbitration or small claims court. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, requires Plaintiff to honor his contractual obligations.

*Third*, assuming that this Court has subject matter jurisdiction, Plaintiff has failed to state a claim with respect to the remaining causes of action alleged under New York law. Although his

federal claims are now gone, the Amended Complaint still sets forth no facts, which, even if taken as true, constitute a claim under his state law causes of action:  (1) fraudulent misrepresentation and malicious intent; (2) negligence; (3) conspiracy; (4) conversion; and (5) breach of contract. As such, his Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

ATTM provides wireless telecommunication services to its customers pursuant to standard wireless service agreements, the terms of which include an arbitration provision.  (Declaration of Neal S. Berinhout  ("Berinhout Decl.") ¶3).  Plaintiff, a New York resident, entered into a contract with ATTM on or around December 21, 2007 for the provision of cellular telephone service. (Berinhout Declaration at ¶9; Amended. Complaint at ¶1).  The Terms of Service that Plaintiff agreed to include following arbitration provision:

> AT&T [Mobility] and you agree to arbitrate **all disputes and claims between us**. This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to:  claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory * * * [and] claims that arose before this or any prior Agreement.
>
> * * *
>
> References to "AT&T" "you" and "us" include our respective subsidiaries, affiliates, agents, **employees**, predecessors in interest  . . . .

(emphasis added) (Berinhout Decl. Ex. 2.)  Notwithstanding the above agreement to arbitrate all disputes, either party may bring an individual action in small claims court.

Under the dispute resolution procedure set forth in contract, the process is as simple as mailing a letter to ATTM or submitting a one-page Notice of Dispute form that ATTM has posted on its web site (at http://www.att.com/arbitration-forms).  (*Id.* ¶12, Ex. 3.)  If ATTM and the customer cannot resolve the dispute within 30 days, the customer may begin the formal arbitration process.  To do so, the customer need only fill out a one-page Demand for Arbitration form and

send copies to the AAA and to ATTM.  Customers may either obtain a copy of the demand form from the AAA's web site (at http://www.adr.org) or use the simplified form that ATTM has posted on its web site (at http://www.att.com/arbitration-forms).  (*Id.* ¶13, Exs. 4, 5.)  To further assist its customers, ATTM has posted on its web site a layperson's guide on how to arbitrate a claim.  (*Id.* ¶11.) (http://www.att.com/arbitration-information).

Notwithstanding his agreement to arbitrate all disputes with ATTM (or bring them in small claims court), Plaintiff filed a *pro se* federal Complaint on January 18, 2008.  Although it is difficult to ascertain the facts, or the claims from the face of his Complaint, Plaintiff's dispute appears to center on ATTM's termination of and alleged refusal to restore his former wireless telephone number ending in the digits 7491.

ATTM and Broom filed a motion to dismiss the Complaint on the grounds that Plaintiff's claims were subject to binding arbitration and were also subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

On July 14, 2008, this Court issued an Opinion and Order in which the Court found that "Douce had failed to identify with specificity a federal cause of action conferring subject matter jurisdiction on this Court."  (Opinion and Order at 7).  With respect to the threshold jurisdictional limit for diversity jurisdiction under 28 U.S.C. 1332(a), the Court noted that Plaintiff bears the burden of showing a "reasonable probability" that the threshold requirement of $75,000 is satisfied.  The Court found that Plaintiff had not met this burden because his Complaint did not specify that he was seeking compensatory damages but rather alleged, without factual support, that he was seeking $75,000 punitive damages.  (*Id.*, at 9-10).  The Court found that, assuming nominal compensatory damages could be recovered for Plaintiff's claims, he failed to allege the "wanton and willful" conduct warranting punitive damages and thus there was "no probability that the facts alleged in Douce's complaint could provide the basis for a punitive damages award of

- 3 -

$75,000 or more." (*Id.*, at 11).  The Court granted Plaintiff leave to amend his complaint to allege facts supporting diversity jurisdiction.  Finally, the Court stated that it would address the threshold issue of subject matter jurisdiction prior to addressing Defendant's motion for a stay pending arbitration.

Plaintiff filed an Amended Complaint on August 15, 2008, dropping all federal statutory and constitutional causes of action and attempting to allege facts that would meet the jurisdictional threshold for diversity jurisdiction.  As set forth in detail below, Plaintiff's Amended Complaint still should be dismissed for lack of subject matter jurisdiction or, in the event that the Court determines it does have subject matter jurisdiction, should be stayed pending arbitration or dismissed in its entirety for failure to state a claim.

## ARGUMENT

### A.   Plaintiff Has Failed to Meet His Burden of Showing a "Reasonable Probability" that the Threshold Amount is Satisfied

As this Court noted in its July 14, 2008 Opinion and Order, the amount a plaintiff claims controls if the "claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  (*Id.*, at 9).

In his Amended Complaint, Plaintiff makes various vague allegations regarding the amount he claims.  He alleges generally that the "relief sought for compensation is in the amount of damages in Controversy in the excess of 120,000 Dollars." (Amended Complaint at ¶2 (*sic*)).  He further alleges "damage the plaintiff $500 dollars a day Restaurant was reduces to $40 a day for 9 months, and had problems ever since then, that Plaintiff had, invested $80,000 dollars In, plus a $40,000 dollars a year Limousine business that was affected" (Amended Complaint at ¶¶4 and 5)  He also alleges that "plaintiff loss business as Result Of the illegal Action by defendant Negligence, put the plaintiff in financial bankruptcy.  Also to Plaintiff Limousine business as well

all customers to the plaintiff was block for 9 Months the plaintiff had to get new service, but porting was block to, T-Mobile . . ." (*sic*)  *Id.*

Plaintiff does not allege what damages were proximately caused by any alleged breach of contract; he only generally alleges that his restaurant business made less money and that he invested and made certain amounts through his Caribbean grill and limousine service.  There is no allegation tied to actual amounts in compensatory damages that he alleges he suffered and is claiming as a result of any alleged breach of contract by Defendants.  As the Court recognized in its Opinion and Order and as is further addressed below, this case is nothing more than a simple breach of contract dispute with no allegations of willfulness or malice that support any award of punitive damages.  The rationale for the Court's initial determination that the jurisdictional threshold was not met still remains.  For that reason - and for the numerous other reasons stated herein - Plaintiff's Amended Complaint should be dismissed.

Moreover, the "good faith" of Plaintiff's claim is suspect when Plaintiff asserts, in his Amended Complaint, that he was damaged because ATTM deprived Plaintiff of a number that "he use for business for thirteen years" (*sic)*, when an attachment to the Amended Complaint plainly shows that the Caribbean Grill (to which it appears he attributes the majority of damages) received a license to operate in March of 2007, only *one month* before his number was allegedly cut off. (Amended Complaint at ¶9).  Further, the bankruptcy petition for Plaintiff's Caribbean Grill, also attached to his Amended Complaint, was filed on April 22, 2008 - over a year after his telephone number was allegedly cut off and months after his number was restored.

        **B.**        **Plaintiff's Claims Must Be Arbitrated and His Amended Complaint Dismissed**

Even if diversity jurisdiction is properly satisfied in this case, the Amended Complaint must nonetheless be dismissed under Fed. R. Civ. P. 12(b)(1) or, in the alternative, stayed because Plaintiff's claims are all subject to binding arbitration.

The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Congress enacted the FAA to "reverse the longstanding judicial hostility to arbitration agreements * * *[,] to place [these] agreements upon the same footing as other contracts[,] * * * [and to] manifest a liberal federal policy favoring arbitration agreements." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). Accordingly, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Plaintiff's agreement to arbitrate is covered by the FAA and his claims are within the scope of the arbitration provision.[1] The Second Circuit has established a three-part inquiry for determining whether a particular dispute falls within the scope of an agreement's arbitration clause. First, a court must classify the clause as broad or narrow. If the clause is broad, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged 'implicates issues of contract construction or the parties' rights and obligations under it.'" *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.,* 252 F.3d 218, 224 (2d Cir. 2001). An arbitration clause is broad if "the language of the clause, taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause." *Id.* at 225.

Here, the arbitration agreement is broad: it covers "***all disputes and claims***" between ATTM and Plaintiff as well as claims arising from prior agreements with ATTM . It also encompasses disputes with ATTM's employees, including Ms. Broom who is a paralegal with

---

[1]     The FAA applies if the arbitration agreement is "written" and in a contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. Both criteria are met here: ATTM's arbitration provision is in writing, and Plaintiff's agreement involves interstate commerce. "It is well-established that telephones, even when used intrastate, are instrumentalities of interstate commerce." *United States v. Corum*, 362 F.3d 489, 493 (8th Cir. 2004). In addition, the arbitration provision specifies that it is covered by the FAA. (Berinhout Decl. Ex. 2.)

ATTM (Amended Complaint ¶1). The presumption of arbitrability therefore applies. Furthermore, there can be no argument that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute.

Plaintiff cannot avoid arbitrating his claims by alleging that he was somehow coerced into a new contract with ATTM. Although Plaintiff apparently alleges that ATTM "force[d]" Plaintiff into a new two year contract with higher fees (Amended Complaint at ¶1), any issue related to the formation of the contract as a whole is one for the arbitrator, and not the Court. As the Supreme Court has held, under the FAA, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, ***must go to the arbitrator***." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006) (emphasis added); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). "[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye*, 546 U.S. at 445-46; *see also Preston v. Ferrer*, 128 U.S. 978 (2008).

As such, Plaintiff's Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See Tasini v. New York Times Co.,* 184 F. Supp.2d 350, 353 (S.D.N.Y. 2002) ("The court properly dismisses a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."); *NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York and Vicinity,* 2002 WL 1603145 (S.D.N.Y. July 18, 2002) (dismissing case under Rule 12(b)(1) where arbitration clause required parties to arbitrate). In the alternative, this case should be stayed, and the Court should compel Plaintiff to arbitrate the claims set forth in his Amended Complaint. *See* 9 U.S.C. § 3 (providing that courts must stay any suit or proceeding until arbitration has been completed).

### C.       Plaintiff Has Failed to State a Claim under Fed. R. Civ. P. 12(b)(6)

Although difficult to ascertain, the claims remaining in the Amended Complaint appear to be the following:  (1) fraudulent misrepresentation and malicious intent; [2]  (2) negligence; (3) conspiracy; (4) conversion; and (5) breach of contract.  If the Court does not dismiss this case for lack of subject matter jurisdiction or stay the case pending arbitration, it should nonetheless dismiss the Amended Complaint for failure to state a cause of action.

As the Court of Appeal for this Circuit has held, dismissal for failure to state a claim is proper where "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief ... [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).  That is the situation here.

### 1.       Fraudulent Misrepresentation and Negligence

In order to state a claim for fraudulent misrepresentation under New York law, a plaintiff must allege:  (1) that the defendant made a material misrepresentation; (2) that the defendant intended to defraud the plaintiff thereby; (3) that the plaintiff reasonably relied on the misrepresentation; and (4) that the plaintiff suffered damage as a result of the misrepresentation. *Thompson v. Marine Midland Bank*, 198 F.3d 235, 1999 WL 752961, at *4 (2d Cir. September 16, 1999).  Plaintiff does not make any discernable allegations regarding any of the required elements.

To state a cause of action for negligence, Plaintiff must plead (1) a duty owing from defendant to plaintiff; (2) a breach of that duty by defendant; and (3) damages suffered by plaintiff as a proximate result of defendant's breach.  *See, e.g. Barr v. County of Albany,* 69 A.D.2d 914, 915 (3d Dep't. 1979), *modified on other grounds,* 50 N.Y.2d 247 (1980).  Here, Plaintiff identifies

---

[2] We have researched and are unaware of any case in which malicious intent has been recognized as a separate cause of action under New York law.  Rather, malicious intent is an element of certain causes of action.

no duty that was owed to him by ATTM or by Ms. Broom. He alleges only that ATTM and Ms. Broom owed him a "legal duty of breach of carelessness," which is not legally cognizable. (Amended Complaint at ¶6).

As this Court recognized, the "complaint is entirely bereft of allegations that this concerns anything other than a simple contractual dispute." (Opinion and Order at 11). Because Plaintiff has not alleged violation of any legally cognizable duty independent of the contractual relationship that exists between the parties, his claims sounding in negligence and fraud must be dismissed. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (1987) (dismissing causes of action sounding in negligence where no legal duty independent of the contract was alleged to be violated); *Asian Vegetable Research & Dev. Ctr. v. Inst. of Int'l Educ.,* 944 F. Supp. 1169 (S.D.N.Y. 1996) (granting summary judgment where claim for fraud merely alleged party's failure to conform to contractual duties).

    **2.**    **Conspiracy**

To support a claim for civil conspiracy, a plaintiff must allege the existence of an agreement between two or more persons intentionally participating in the furtherance of a preconceived common plan or purpose to defraud and resulting damage. *Quinn v. Teti*, 234 F.3d 1262 (2d Cir. 2000); *Kashi v. Gratsos*, 790 F.2d 1050 at 1054-5 (2d Cir. 1986). Plaintiff has not plead any of these essential elements. Specifically, he has failed to allege (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury. *See Fisk v. Letterman*, 424 F.Supp.2d 670, 677 (S.D.N.Y. 2006) (dismissing conspiracy claim where plaintiff made nothing more than conclusory assertions of a purported conspiracy).

### 3. Conversion

As with his last Complaint, Plaintiff has failed to state a claim for conversion (ATTM presumes that he means conversion of his telephone number) because under New York law conversion occurs "when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." *LoPresti v. Terwillinger,* 126 F. 3d 34, 41 (2d Cir. 1997). There is, however, "no cause of action for conversion of intangible property under New York law." *Farey-Jones v. Buckingham,* 132 F. Supp.2d 92, 106 (E.D.N.Y. 2001). Because a telephone number is intangible property, Plaintiff's conversion claim must be dismissed.

### 4. Breach of Contract

The essential elements of a breach of contract claim in New York are (1) the existence of a contract; (2) due performance by plaintiff; (3) breach of the contract by defendant; and (4) damage as a result of the breach. *See R.H. Damon & Co. v. Softkey Software Products, Inc.,* 811 F. Supp. 986, 991 (S.D.N.Y. 1993). In *Levy v. Bessemer Trust Co., N.A.*, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997), plaintiff's breach of contract claim was dismissed for failure to state a claim where plaintiff did not provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue. That is the situation here. Even on a second attempt, Plaintiff fails to allege what contract that he had with either ATTM or Broom that was breached in April or May, 2007, let alone what provisions of the agreement were breached as a result of ATTM or Broom's actions. Plaintiff also fails to allege what damages resulted from any alleged breach by ATTM or Broom.

WHEREFORE, AT&T Mobility LLC and Kathleen Broom respectfully request that their motion be granted and that Plaintiff's Amended Complaint be dismissed in its entirety or, in the alternative, stayed pending arbitration of his claims.

Dated:   September 5, 2008
         New York, New York

                                    Respectfully submitted,

                                    McKENNA LONG & ALDRIDGE LLP


                                    By:    /s/ Charles E. Dorkey III
                                        Charles E. Dorkey III (CD-8422)
                                        S. Jane Moffat (SM-0912)
                                        230 Park Avenue
                                        Suite 1700
                                        New York, New York  10169
                                        (212) 905-8330 (telephone)
                                        (212) 922-1819 (facsimile)